# Exhibit 1

DocuSign Envelope ID: 9DFFCC5A-4123-4732-981F-D6D538C781DB

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (herein "Release") is made and entered into by and between ASHLEY GODSHALK and PETER HERSHAFT (each a "Plaintiff" or "Employee" and collectively "Plaintiffs" or "Employees") and DELI MANAGEMENT, INC. (herein "Employer") (collectively herein "Parties"). Employees were previously employed by Employer. The Parties desire to settle the claims brought by Employee against Employer for alleged unpaid overtime wages in the United States District Court for the Eastern District of North Carolina, under the caption *Godshalk, et al v. Deli Management, Inc*, Case No. 5:21-cv-00143-BO (herein "Litigation"). Accordingly, in consideration of the mutual promises set forth below, Employees and Employer agree as follows:

1. Plaintiffs were opt-in plaintiffs in the FLSA collective action proceeding *Florence v. Deli Management, Inc., d/b/a Jason's Deli* (No. 1:18-cv-04303-SCJ)(N.D. Ga) ("*Florence*"). Plaintiff Godshalk opted into that action on February 15, 2019. Plaintiff Hershaft opted into that action on February 14, 2019. On March 8, 2021, the Court in *Florence* granted Defendant's motion to decertify the collective and dismissed without prejudice the claims of the opt-in plaintiffs. Plaintiffs refiled their claims raised in the *Florence* action in this Litigation. The Litigation involves contested issues of fact and law and Plaintiffs and Employer now wish to fully and finally settle Plaintiffs' claims against Employer in the Litigation.

2. In entering into this settlement, the Parties acknowledge that they have had the opportunity to conduct certain discovery or otherwise investigate their claims and defenses in this matter and to assess their relative likelihood of success on the merits, and believe that, based on that assessment and the relevant facts and circumstances of the case, the compromise reached between them is a fair resolution of the contested issues of fact and law in this case.

3. The Parties further acknowledge that all payments referenced in this Release are intended to fully and finally resolve any and all claims released herein between Employer and Employees on terms that are mutually agreeable.

4. By entering into this Release, Employer does not admit to any underlying liability or to any underlying liability of its directors, officers, partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, related entities, parents, and insurers to Employer. Employer simply wishes to fully and finally resolve Employees' pending claims in the Litigation to avoid the distraction and cost of litigation.

5. Employer promises and obligates itself to perform the following covenants in return for the promises and performance undertaken by the Employees as set out in this Release:

    a.) Employer shall provide Employees with a payment in the gross amount of $20,000 (herein "Settlement Amount") divided as follows:

    i.) a check to Ashley Godshalk in the amount of $2,318.27 (less all

1

        applicable withholdings) in compromise of all of her disputed claims for unpaid wages;

    ii.)     a check to Ashley Godshalk in the amount of $2,318.27 in compromise of her disputed claim for liquidated damages;

    iii.)     a check to Peter Hershaft in the amount of $1,183.42 (less all applicable withholdings) in compromise of all of his disputed claims for unpaid wages;

    iv.)     a check to Peter Hershaft in the amount of $1,183.42 in compromise of his disputed claim for liquidated damages;

    v.)     a check to Head Law Firm, LLC (Tax ID # to be supplied to Employer), in the amount of $12,996.62 as consideration for Employees' disputed claim for attorneys' fees and costs incurred in connection with the claims made in the *Florence* action and the Litigation.

b.)     The sums described above shall be delivered to Head Law Firm, LLC, 4422 N Ravenswood Ave, Suite 3, Chicago, IL 60640, within ten business days after the later of the following two events:

    i.)     Employer receives this Release executed by the Employees along with a copy of a completed (current) W-9 for Head Law Firm, LLC and for Employees; or

    ii.)     The U.S. District Court for the Eastern District of North Carolina issues an order that specifically approves this Release or enters the Parties' stipulated judgment in the Litigation.

c.)     Employer will issue each respective Employee an IRS Form W-2 for the wage payments described in paragraphs 5(a)(i) and 5(a)(iii) above. Employer shall issue an IRS Form 1099, reported on Box #3, to each respective Employee for the payments described in paragraph 5(a)(ii) and 5(a)(iv) above. Employer shall issue an IRS Form 1099, reported on Box #14, to Employees' counsel for the payment described in paragraph 5(a)(v) above. No payments under paragraph 5 shall be made until the tax documents required by paragraph 5(b)(i) are received by the Employer. Employer shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Release.

d.)     Employer, its directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby release, remise, and forever discharge Employees from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which

they may now have against him, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Release, arising out of or related to the facts alleged in the Complaint or the bringing of the Complaint itself.

 e.) Employer shall comply with all other terms of this Release as provided for herein.

6. Employees promise and obligate themselves to perform the following covenants under this Release:

 a.) Acting for themselves, their heirs, personal representatives, administrators and anyone asserting Employee's claim for Employee by or through them, Employees unconditionally and irrevocably release, acquit, and discharge Employer and its Releasees from any and all claims, whether known or unknown, that Employees have or may have against Employer or its Releasees, expressly limited to:

  i.) Employees' individual claims for failure to pay all required amounts due for overtime hours worked;

  ii.) Any other of Employees' individual claims that Employees could have brought under the Fair Labor Standards Act or any state or local law regarding the payment of minimum wages or overtime, provided that such claims arise out of the facts pleaded in their Complaint in the Litigation and had accrued as of the date of this Release; and

  iii.) Any rights that Employees may have to claim reimbursement from Employer and its Releasees for attorneys' fees, litigation costs, or expenses that Employees may have incurred in the course of obtaining legal advice on his claims described in subparagraphs 6(a)(i) or 6(a)(ii) above, except as specifically provided for in this Release including but not limited to Section (b)(i)-(ii) below.

 b.) For purposes of paragraph 6(a) above and its subparts, it is expressly agreed that:

  i.) The amounts attributed to Employees' attorneys' fees, costs and expenses from Paragraph 5(a)(v) shall be the only amounts paid to Employees for such fees, costs, and expenses. Employees waive any claim they may have to fees, costs, and expenses for work performed by their attorneys in the Litigation. Employees also waive any claim they may to fees, costs, and expenses for work performed by their attorneys in the *Florence* action only as to their pro rata share of any fees, costs, and expenses incurred for work performed by their attorneys (i) involved in moving for conditional certification, and (ii) during the period between the order granting conditional certification and entry of the decertification order in the *Florence* action (exclusive of any other opt-in plaintiff's individual discovery responses or depositions in the *Florence* action, for which

    Employee has no pro rata claim and therefore gives no waiver). Other than seeking Court approval of the settlement amount and their proposed allocation for fees, costs, and expenses pursuant to Section 6(a) below, Employees will not file any further petition for fees, costs or expenses with the Court. Employees are not authorized to release, and nothing in this Release releases, claims of any kind belonging to any other opt-in plaintiff that was dismissed by decertification of the *Florence* action.

  ii.) Employees are not releasing any other claims in this Release, and this release shall not have res judicata, collateral estoppel, or other claim preclusion effect on any claims not expressly released in this Release.

  iii.) The phrase "Employer" shall mean Deli Management, Inc. The "Releasees" of Employer shall mean the persons or entities who have any of the following past or present relationships to Employer or any of its related entities: directors, officers, operations directors, joint venture partners, managing partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, parents, and insurers.

 c.) Employees represent that, other than the Litigation, they have not filed with any court, government agency or other tribunal any pending action, charge, complaint, grievance or arbitration against Employer.

 d.) Employees shall comply with all other terms of this Release as provided for herein.

7. Employees and Employer promise and obligate themselves to jointly perform the following covenants under this Release:

 a.) The Parties agree to cooperate in the filing of a joint motion seeking entry of stipulated judgment approving this Release and dismissing this Litigation with prejudice (without prejudice to preserve Parties' rights to reopen if needed to enforce this Release) consistent with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) and *Nall v. Mal-Motels*, Inc., 723 F.3d 1304 (11th Cir. 2013). The Parties agree to cooperate with each other in filing any materials that the Court may deem necessary to review or approve the Parties' settlement and this Release.

 b.) The Parties expressly agree that the terms of this Release are fair and equitable, and to the extent that Employees' counsel is required to petition the Court for approval of the reasonableness and amount of their attorney's fees and costs to be paid under this Release, Employer does not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Employees' attorney's fees and costs to be paid to Employee's counsel out of the total Settlement Amount.

8. Employees agree that each of the following statements is truthful and accurate:

   a.) Employees are of sound mind and body.

   b.) Employees have sufficient education and experience to make choices for themselves that may affect their legal rights.

   c.) Employees have full legal capacity to make decisions for themselves.

   d.) Employees are aware that this Release has significant legal consequences.

   e.) Employees have consulted with an attorney of their choice prior to signing this Release and have determined that this settlement is a fair resolution of their claims in this Litigation.

   f.) Employees have decided to sign this Release of their own free will, and their decision to sign this Release has not been unduly influenced or controlled by any mental or emotional impairment or condition.

   g.) Employees are not executing this Release because of any duress or coercion imposed on them by anyone.

9. Employer is aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act. Employer agrees to respond to any inquiries from prospective employers regarding Employees by providing only a neutral reference stating their dates of employment, job title, and last rate of pay, and Employer agrees not to disclose the fact of the *Florence* action or the Litigation or settlement of Employee's claims in response to any employment reference inquiries about any Employee and will not make any reference to eligibility or ineligibility for rehire.

10. Employees represent that they have not sold, transferred, or assigned to a third party any claims that they may have. Employees represent that any claims that they may have are unencumbered and otherwise within their power to dispose of. Employees represent that they do not have any other pending claims against Employer other than the claims brought in the Litigation or referenced herein.

11. Employees agree that any and all prior understandings or agreements between Employees and Employer with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. The subject matter of this Release is Employees' settlement of Employees' claims in the Litigation; any agreements reached between counsel for the Parties related to discovery or other litigation matters regarding any opt-in plaintiff that was dismissed by decertification of the Litigation are unaffected by this Release.

12. This Release shall not be orally amended, modified, or changed. No change, amendment,

or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the Parties that has been signed by the respective Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed; provided, however, that any such written modification of a material term of this Release shall have no effect unless approved by the Court.

13. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

14. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

15. The Parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

16. The Parties may execute this Release in counterparts, and execution in counterparts shall have the same force and effect as if the Parties has signed the same instrument.

17. Delivery of an executed copy of this Release by facsimile or signed .pdf delivered by email shall be deemed effective as if delivery of an original.

18. The Parties intend for the Court to retain continuing and exclusive jurisdiction over the Parties to this Release, for the purpose of the administration and enforcement of this Release.

PLEASE READ CAREFULLY BEFORE SIGNING. THIS RELEASE INCLUDES A MUTUAL LIMITED RELEASE OF CLAIMS.

*Ashley Nicole Godshalk*
_____
Ashley Godshalk
Date: January 19, 2022

DELI MANAGEMENT, INC.
By: *Chris Coco* (DocuSigned)
Title: General Counsel
Date: 1/20/2022

_____
Peter Hershaft
Date: _____

6

DocuSign Envelope ID: 9DFFCC5A-4123-4732-981F-D6D538C781DB

or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the Parties that has been signed by the respective Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed; provided, however, that any such written modification of a material term of this Release shall have no effect unless approved by the Court.

13. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

14. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

15. The Parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

16. The Parties may execute this Release in counterparts, and execution in counterparts shall have the same force and effect as if the Parties has signed the same instrument.

17. Delivery of an executed copy of this Release by facsimile or signed .pdf delivered by email shall be deemed effective as if delivery of an original.

18. The Parties intend for the Court to retain continuing and exclusive jurisdiction over the Parties to this Release, for the purpose of the administration and enforcement of this Release.

PLEASE READ CAREFULLY BEFORE SIGNING. THIS RELEASE INCLUDES A MUTUAL LIMITED RELEASE OF CLAIMS.

DELI MANAGEMENT, INC.

_____  
Ashley Godshalk  
Date: _____

_____  
Peter Hershaft  
Date: 01/19/2022 _____

By: _____  
Title: _____  
Date: _____